Welch, C. J.
The motion to dismiss the appeal must be overruled. Whatever may have been the character of this case at its commencement, upon the filing of the cross-petitions by the defendants, and the amendment of the plaintiff’s petition, it became and was a civil action, in which the parties sought' equitable relief, and were entitled to an appeal.
The case itself presents the general question, how and in what proportions should the testator’s real estate be divided among his heirs, or the children named in will, who are in *533 fact his heirs. This can best be answered by considering ■. 1. What estate did the widow take under the devise to her? 2. What is the nature of the power of distribution so vested in her by the testator ? 3. What is the effect upon the rights of the parties of the widow’s partial execution of that power ?
1. We are of opinion that the widow took a life interest merely. The immediate words of the devise are such as at common law import a mere life estate. By our statute (S. & C. 1627, sec. 55) such words are to be held as passing a fee, unless the contrary intention appears in the will. We think the contrary intention does appear in this will. It appears in the fact of the testator’s “ allowing” the widow •and giving her “ power ” to distribute the estate among the children. The granting of such permission, and the giving of such power, are irreconcilable with the idea that the testator supposed he was imparting to her an absolute fee. If the property was absolutely hers, she would do with it as she pleased, without authority or permission from any one.
2. What was the nature or extent of the power given to the widow ? The several provisions of the will, taken together, show that it was not to be one of unlimited discretion. It was to be discretionary, perhaps, as to the times of making distributions, the particular parcels to be allotted to each child, and the valuations to be affixed to each parcel by the widow. But in three very material respects the power is defiued and limited. These are : (1) “ The estate,” the whole estate, and not merely a part of it is to be distributed. (2) It is tobe distributed “among the children” named, that is, as we understand it, giving to each child a part. {3.) The widow should aim to make the distribution “ equal ” between them. It is manifest to us, in other words, that the testator intended and expected the whole property to be divided among the ten children named, and that a bona fide attempt at equality of distribution would be made by the widow in the exercise of the power granted. He says, among other things, that it is 'not his “ will ” to give James the lot devised to him over and above “ his equal proportion.” *534 The implication from this language is, that it was the testator’s “ will ” that James should have his “ equal proportion ” with the others.
3. Had the widow fully executed this power, her discretion, in the respect specified, if exercised in good faith, would not be interfered with or controlled by the court. But she did not fully execute the power; and the question remaining to be determined is, what is the effect of her partial execution of it ? Had she wholly failed to execute the .power, it is plain that the children named as beneficiaries would all have stood alike, and been entitled to an equal division of the property, the devise to James being regarded as if an advancement to him. Now we fail to see any good reason, or to find any well established authority, for departing from this principle of equality in cases where the power has only been partially executed — except to the extent that distributions already fairly made will not be revoked, either in whole or in part. Until the distribution was fully made the work was still in fieri, and the property not disposed of was still under the control and discretion of the widow. Until the distribution was completed she had a right to change the manner and proportions of distribution, with the changing circumstances, and her own changing opinions, with the exception named, that she could not recall the distributions already made. She could add to them, but she could not diminish them. It follows, of course, that these partial distributions are to stand, and be accounted for by their recipients, as advancements. In cases where such advancements equal or exceed the equal portion of the party, nothing more is to be received, and nothing is to be refunded. Where they fall short of such equal portion, they are to be fully accounted for, with interest from the proper date. That date, in the present case, we think is the date of the death of the widow, the time when her estate terminated, and that of the distributees was to begin. The valuations of the several parcels of property should also, as we think, be fixed as of the same date, but exclusive of improvements made by the parties in possession. Neither the use of the property during the life *535 time of the widow, nor the interest on its valuation during that time, is to be accounted for, as the life interest belonged to her, and not to the fund which she was to distribute, and the distributees are indebted to her, and not to the testator, for the life interest in the advances so made to them. -
The 398 acre tract, conveyed by the widow to William, we do not regard as belonging to the estate. The evidence shows that it was claimed and controlled by William, and treated by the testator in his lifetime, as the property of William. It has eyer since, till the bringing of this suit, been regarded by all parties as his ; and he has been in actual possession of it for more than thirty years. These facts, in connexion with testimony in the case, tending strongly to show that the tract in question was entered by the testator, upon a land warrant belonging to William, leave no doubt in our minds that the title to this tract was held by the estate in trust for William, and that the deed made by the widow to him was in fact, what it purports to be, the mere execution of the trust.
A decree may be taken accordingly, and the cause remand* ed to the district court for its execution.
White, Day, McIlvaine and West, JJ., concurred.